FRANK ARANOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 84115. Promulgated November 4, 1938.

*Harris Berlack, Esq.*, for the petitioner.

*Gerald W. Brooks, Esq.*, and *Percy C. Young, Esq.*, for the respondent.

**OPINION.**

DISNEY: The sole issue raised by the errors assigned is whether or not the sum of $34,450 received by the petitioner as fees for his services as referee, special guardian, or guardian *ad litem*, under court appointments as set forth in our findings of fact, is exempt from Federal income tax.

In view of the circumstances and conditions under which the fees in question were earned by and paid to the petitioner, there is in the instant case, in our opinion, no occasion or necessity for attempting to draw any distinction or difference between petitioner's fees as referee, special guardian, or guardian *ad litem*, since all are alike subject to, and controlled by, the principles enunciated and applied in court decisions to which we shall briefly refer, deeming it unnecessary to enter into a lengthy discussion of the cases which we consider are determinative and controlling of the issue in the instant case.

Notwithstanding the earnest insistence by counsel for the petitioner that the principles enunciated and applied in *Helvering* v. *Gerhardt*, 304 U. S. 405, have no bearing on the issue in the instant case, we can not accept that view. It is true the facts and circumstances shown in *Helvering* v. *Gerhardt*, *supra*, and in cases cited and approved therein, are not identical with those in the instant case, but in that case there is laid down a principle that immunity is based upon an actual (and not merely conjectural) burden upon the state function.

In the instant case, it is apparent that the functions of government or any judicial functions are not in fact burdened by the imposition of the Federal income tax upon the fees or compensation received by the petitioner as referee, special guardian, or guardian *ad*

*litem* in the instances described in our findings of fact, for the compensation or fee was in no instance paid or borne by the state or by any of its political subdivisions, but was paid out of the funds involved in the litigation or from the estate or interest of the individual, for whom petitioner was serving as special guardian or guardian *ad litem* under appointment by some court.

In petitioner's reply brief herein it is stated that in the case of *Helvering* v. *Gerhardt, supra,* a petition for a rehearing was filed, in which an argument is made that the change in the tax law effected by the decision in that case should not be applied retroactively. Petitioner insists that in the instant case, in view of the fact that the law at the time of the filing of the taxpayer's return was expressed by the decisions of this Board in the cases of *David K. Cochrane,* 26 B. T. A. 1167, and *Walter G. Winne,* 27 B. T. A. 369, the law as therein stated, if considered changed by the decision in *Helvering* v. *Gerhardt, supra,* "Port Authority cases," should not be permitted to affect taxes accrued in 1933.

The Supreme Court on October 10, 1938, denied rehearing, the effect of which is also to deny the request that the decision therein be not applied retroactively.

In the case of *Saxe* v. *Shea,* 98 Fed. (2d) 83, decided since the hearing herein, the identical question in issue in the instant case was before the court, under practically identical circumstances, and the same statutes (except that therein there was no appointment as guardian *ad litem* or by the City Court of New York City), and it was there decided that the fee or compensation received by the referee or special guardian was subject to Federal income taxation. The court follows and applies *Helvering* v. *Gerhardt, supra,* saying:

This limiting principle we believe to be controlling of the case at bar. None of the appellant's compensation came from the state treasury; it was paid by the parties litigant or out of an estate under the court's control. By no possibility can the imposition of the tax increase to the state the cost of administering justice. Conceivably an income tax upon the salary of a judge paid from the state treasury may require the official's salary to be correspondingly raised in order to obtain his consent to serve and thereby increase the cost to the state of its judicial department. Cf. *Helvering* v. *Curren,* 90 F. (2d) 621, 622 [37–2 USTC Par. 9351] (C. C. A. 2). But this cannot happen in the case of a referee or special guardian whose compensation is paid by the litigants. The tax upon such compensation will be absorbed by the taxpayer without effect upon the state, as fully as the tax upon that part of his income arising from his professional employment as an attorney at law. In the light of the *Gerhardt* opinion we believe that the source of the appellant's compensation is alone enough to defeat his claim of constitutional immunity from federal income taxes, although prior to that decision the lower courts had expressed divergent views on this question. * * *

The case also considers the question as to whether the petitioner as referee or special guardian was an officer or employee of the state or

political subdivision thereof, under the statutory exemption of such officer or employee, under section 1211 of the Revenue Act of 1926. We do not have before us such statutory exemption, since the Revenue Act of 1932 did not contain same, but the regulations in effect during the taxable year herein did extend the immunity to such officer or employee. However, such regulations define officer as one whose tenure is continuous and not temporary, and define employee as one whose services are continuous, not occasional or temporary. The court in *Saxe* v. *Shea, supra,* therefore holds that petitioner there was not such officer. A regulation attempting to create an exemption is void. *Langstaff* v. *Lucas,* 9 Fed. (2d) 691; affd., 13 Fed. (2d) 1022; certiorari denied, 273 U. S. 721; *Maurice S. Avidan,* 38 B. T. A. 951. Petitioner was, therefore, neither an officer nor an employee of the state or a political subdivision thereof.

The principles enunciated and applied in the decision of *Saxe* v. *Shea, supra,* are in our opinion controlling in the instant case, and we therefore are of the opinion and hold that the compensation received by the petitioner as referee, special guardian, and guardian *ad litem* is subject to Federal taxation and the respondent did not err in his determination with respect thereto.

*Decision will be entered for the respondent.*